COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      In the Interest of L. Z., M. H., and N. U., Children

Appellate case number:    01-19-00061-CV

Trial court case number:   2017-06000J

Trial court:              314th District Court of Harris County

On May 9, 2019, this Court issued an order warning of potential dismissal of the appeal for failure to file the appellant's brief. The Court has determined that appellant's brief is not yet due and thus, the order of May 9, 2019, is **withdrawn**.

This is an appeal from a final decree terminating parental rights. Appeals from orders terminating the parent-child relationship are to be brought to final disposition within 180 days of the date the notice of appeal is filed. *See* TEX. R. JUD. ADMIN. 6.2(a), *reprinted in* TEX. GOV'T CODE, tit. 2, subtit. F app. The notice of appeal in this case was filed on January 22, 2019, and thus, the date of final disposition should be no later than July 19, 2019. The clerk's record filed in this Court does not show that counsel was appointed and thus, this Court presumed that counsel was retained. But the Court has recently discovered that appellant had appointed counsel below. This Court is unaware whether counsel Blackful is appointed or retained.

The final decree of termination states that it was heard before the trial court on December 13, 2018. The reporter's record filed in this Court contains no record of a hearing on December 13, 2018.

Appellate counsel Blackful has not ensured that the entire reporter's record is filed. The record was due by February 1, 2019. On February 1, 2019, court reporter Shannon Simmons filed four volumes of reporter's record, but none of these concerned the final hearing on termination. This Court also previously abated this appeal for a hearing in the trial court and the hearing record for that hearing indicates that it was prepared by the official court reporter, Cara Massey. This Court is unaware which court reporter recorded the hearing on termination, but it was appellate counsel Blackful's responsibility to request this record and to ensure that the reporter's record was timely filed. *See* TEX. R. APP. P. 34.6(b). The record is now more than three months past due and this Court may be unable to dispose of this appeal by the accelerated deadline.

Given the constitutional rights involved in a termination of parental rights, and appellant's counsel's failure to respond to this Court's past orders, the Court will not further delay this appeal

by attempting further communications with appellate counsel Blackful. It appears that counsel Blackful may have abandoned the appellant. Accordingly, the Court issues the following order.

The appeal is **abated** and **remanded** to the trial court to hold a hearing to determine whether counsel Blackful has abandoned appellant, and whether appellant is indigent. Blackful's failure to appear at the hearing could be construed to be abandonment of the appellant and the trial court may appoint new counsel to represent appellant. If the trial court appoints new counsel, the trial court shall cause a supplemental clerk's record containing its order appointing new counsel, including the name, address, telephone number, and State Bar number of substitute counsel **within 10 days of the date of this order**. The trial court shall also cause a reporter's record of the hearing to be filed in this Court **within 15 days of the date of this order**.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when a supplemental clerk's record that complies with this order, and the reporter's record of the hearing, have been filed in this Court.

It is so ORDERED.


Judge's signature: _____/s/ Justice Richard Hightower_____
               ☑ Acting individually   ☐ Acting for the Court


Date: ___May 16, 2019____